**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES ex rel.** : | **CIVIL ACTION NO. 1:04-CV-0729** |
| **JENNIFER HOUSEMAN,** : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **ARAMARK CORPORATION d/b/a** : | |
| **ARAMARK PRISON FOOD** : | |
| **SERVICES,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 9th day of May, 2005, upon consideration of defendant's motion to dismiss (Doc. 16) plaintiff's claims of conspiracy to present fraudulent government claims under the Federal False Claims Act, 31 U.S.C. § 3729(a)(3), of unlawful retaliation under the Pennsylvania Whistleblower Act, PA. STAT. ANN. tit. 43, § 1423(a), and of wrongful discharge under Pennsylvania common law, see Paul v. Lankenau Hosp., 569 A.2d 346, 348 (Pa. 1990), and it appearing that the complaint arguably alleges that employees of defendant colluded with the deputy warden of a county corrections facility to present fraudulent government claims (Doc. 1 ¶ 24), satisfying the *prima facie* elements of an actionable claim under the Federal False Claims Act, see 31 U.S.C. § 3729(a)(3) (imposing liability on one who "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid"); see also United States ex rel. Atkinson v. Pa. Shipbuilding Co., 255 F. Supp. 2d 351,

380 (E.D. Pa. 2002),[1] that the complaint arguably alleges that defendant, acting as an agent of a public body, retaliated against plaintiff during the course of her employment after she reported waste to the appropriate authority (Doc. 1 ¶ 3), satisfying the *prima facie* elements of an actionable claim under the Pennsylvania Whistleblower Act, see PA. STAT. ANN. tit. 43, §§ 1422-1424 (imposing liability on an "employer," defined as an "agent of a public body," that retaliates against an employee who reports waste to the appropriate authority); see also Denton v. Silver Stream Nursing & Rehab. Ctr., 739 A.2d 571, 575-76 (Pa. Super. Ct. 1999), but that the availability of relief under the Pennsylvania Whistleblower Act precludes a claim for wrongful discharge under Pennsylvania common law, see Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 919 (Pa. 1989) (stating that availability of statutory remedy precludes common law remedy for wrongful discharge); Wolk v. Saks Fifth Ave. Inc., 728 F.2d 221, 223-24 (3d Cir. 1984) (same); cf. Fraser v. Nationwide Mut. Ins. Co., 352 F.3d 107, 111 (3d Cir. 2003) (noting limited availability of wrongful discharge claim); Krajsa v. Keypunch, Inc., 622 A.2d 355, 358-60 (Pa. Super. Ct. 1993) (same), it is hereby ORDERED that the motion to

---

[1] Because the complaint arguably alleges that an individual outside of the corporation was involved in the conspiracy, the court need not resolve whether the intracorporate conspiracy doctrine applies to claims under the Federal False Claims Act. See United States v. EER Sys. Corp., 950 F. Supp. 1330, 132-33 (D. Md. 1996); Blusal Meats, Inc. v. United States, 638 F. Supp. 824, 827-28 (S.D.N.Y. 1986); United States v. Warning, No. 93-CV-4541, 1994 WL 396432 (E.D. Pa. 1994); see also Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 164-65 (2001) (discussing doctrine under RICO); Heffernen v. Hunter, 189 F.3d 405, 410-12 (3d Cir. 1999) (discussing doctrine under 42 U.S.C. § 1985) (citing Robison v. Canterbury Village, Inc., 848 F.2d 424, 431 (3d Cir. 1988)). See generally Shaun P. Martin, Intracorporate Conspiracies, 50 STAN. L. REV. 399 (1998).

dismiss (Doc. 16) is GRANTED with respect to plaintiff's claim of wrongful discharge under Pennsylvania common law and is otherwise DENIED.  See also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (stating that leave to amend need not be granted following dismissal if amendment would be futile).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge